# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 11-10187-02 |
| ) | |
| JORDAN SMITH, ) | |
| ) | |
| Defendant. ) | |

## **SENTENCING DECISION**

This case now comes on for sentencing. The court has reviewed the following:

1. Presentence report (Doc. 69);

2. The court's October 2, 2012 letter (Doc. 74);

3. Defendant's sentencing memorandum (Doc. 70);

4. Defendant's letter (Doc. 75);

5. Letters of support from defendant's father, mother, grandmother and sister (Doc. 84);

6. Probation Officer Blessant's October 15 email (Doc. 76); and

7. Defense counsel's October 15 and 16 emails (Docs. 77 and 78).

The court held a sentencing hearing on October 15, 2012 and heard from defense counsel and defendant. Announcement of sentence was continued until October 22, 2012.

Defendant entered pleas of guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343. Summarized, defendant burglarized homes and businesses and sold the stolen items over the internet. The "offense conduct" section of the PSR, attached as Ex. A, details the

crimes. Defendant's objection No. 1, attached as Ex. B, purports to question his participation in some of the burglaries. The objection is considered, but overruled, because it does not impact the guideline sentence nor does it challenge defendant's participation in the vast majority of the burglaries. Objection No. 2 is moot because it does not impact the sentence.

Defendant's total offense level is 16 and his criminal history is category VI. The guideline sentence is 46-57 months.

After reading the PSR, the court sent counsel a Fed. R. Crim. P. 32(h) letter because of the PSR's comment on defendant's pretrial bond conduct, attached as Ex. C., and defendant's extensive criminal history, attached as Ex. D. As stated in the Rule 32(h) letter, the court did not make a sentencing decision based on the PSR but waited until the sentencing hearing. The court now has concluded that an upward variance from the guideline sentence is warranted for the following reasons based on the factors set forth in 18 U.S.C. § 3553.

### Nature and circumstances of the offenses.

Wire fraud is a serious offense, as indicated by the statutory maximum sentence of 20 years imprisonment. However, the circumstances of the offenses of conviction make them more serious because the underlying basis of the fraudulent conduct was an extensive series of burglaries which are recognized by the sentencing guidelines as crimes of violence. U.S.S.G. § 4B1.2(a)(2). It is obvious from defendant's almost non-existent employment history that the burglaries and wire fraud scheme amounted to his criminal livelihood. U.S.S.G. § 4B1.3. The court categorically rejects defendant's argument that the burgularies should not be considered crimes of violence because his

-2-

". . . standard procedure . . . was to verify that no one was at home before burglarizing the residence." The court declines to attribute any good motive to this "procedure"; it simply lessened the chances of being caught in the act. Moreover, defendant's "standard procedure" does not account for a resident who was sleeping when he entered the house or a resident who might come home during the burglary. Defendant's documented and admitted history of uncontrolled anger combines with burglary for an explosive situation which fortunately did not occur but which certainly was foreseeable.

### Characteristics of defendant.

The court acknowledges that defendant's life thus far has been difficult. This is made clear in the PSR, attached as Ex. E, and the letters received by the court. Sadly, however, defendant's past is similar in many respects to that of hundreds of defendants this court has sentenced. It may explain, to some extent, defendant's dedication to his criminal lifestyle, but it does not excuse it.

In his sentencing memorandum, defendant argues that his criminal history is overstated, but is not formally objectionable. He correctly notes that prior to the state felony convictions which relate to the federal charges (PSR ¶¶ 146-148), all of his prior convictions were misdemeanors and many were traffic offenses. He suggests that a "practical criminal history score would be somewhere between 11 and 15 points." (It should be noted that defendant was not assessed criminal history points for the state convictions for which he's now serving sentences.) Even if the court were inclined to accept this argument, which it isn't, defendant still would be in criminal history category V-plus, which is especially serious for a

defendant who is 23 years old. But point-counting is not what's important. Rather it's that defendant's criminal history essentially is continuous.

<u>Seriousness of the offenses, promote respect for the law and provide just punishment</u>. The court's previous comments pretty much cover the first factor. It is painfully apparent that defendant has no respect for the law. The court has heard, but strongly discounts, defendant's promises that he has learned his lesson and will lead a productive life upon release from prison. It isn't just that the court has heard this promise many, many times before. After all, it would be a rare defendant indeed who would come before the court at sentencing and say that he intends to resume his criminal behavior as soon as he is released from prison! Rather, it is that defendant's statements must be viewed in light of his past conduct, including his many involvements with the state and municipal judicial systems. It is not lost on the court that defendant received suspended sentences in virtually all of his state and municipal cases. It seems pertinent that defendant acknowledges that he has learned ". . . a lot since . . ." being incarcerated. The court has become convinced that Kansas's system of serial suspended sentences is not working as presumably intended to deter defendants from committing additional crimes. Certainly the many suspended sentences did not deter this defendant.

<u>Adequate deterrence and protection of the public</u>. The court assumes that these factors are directed at this defendant. It has not been this court's experience that any punishment meted out in this or any other case will deter <u>third</u> parties from criminal conduct. If that was the case, this defendant would have been deterred by what

happened to his father.  Rather, the court must consider deterrence and protection as they apply to this defendant.  Of course it is hard to predict the future, particularly when it involves human behavior, but the court is persuaded by the facts, including defendant's conduct while in pretrial custody, that a lengthy sentence is absolutely necessary to deter defendant from criminal conduct and to protect the public, at least in non-penal settings.  To be perfectly frank, the court is concerned that defendant's demonstrated inability to control his emotions presents serious risk of escalating criminal behavior involving violence.

### Need for education, training and care.

It is obvious that defendant needs some form of care and treatment regarding his demonstrated inability to control his behavior.  Whether he will benefit from such treatment is another matter about which the court is unable to predict.

### Sentences available.

Defendant's principal argument is that the court should run his federal sentences concurrent with his state sentences.  His point seems to be that he's already being punished for his burglaries and that if his federal sentences are enhanced by any consideration of his state convictions, he will be doubly punished.  His proposed solution is that his federal sentences run concurrent with his state sentences.

The court rejects this suggestion for several reasons.  First, it is contrary to 18 U.S.C. § 3661.  The court is not required to ignore defendant's criminal conduct which is part and parcel of his federal crimes.  Second, defendant is being sentenced for federal crimes.  He is not being sentenced for federal burglary, as it were.

No double punishment is involved.  Third, while defendant argues that he is serving state sentences totalling somewhere around nine years, there is no assurance he will serve a total sentence of any particular length under the Kansas system.  But the bottom line, as far as this court is concerned, is that concurrent federal and state sentences will not be sufficient under all the circumstances previously outlined.

<u>Unwarranted sentence disparity</u>.  The court sentenced the co-defendant to a term of 60 months, an upward variance from the guideline sentence of 27-33 months.  However, the record in the co-defendant's case demonstrates significant differences which support the sentence disparity.

<u>Restitution</u>.  Defendant will be ordered to make restitution but the practical reality is that he will never pay it.

Accordingly, the court has determined that a sentence of 180 months on counts 6 and 8, to run concurrently and consecutive to his state sentences will be sufficient, but not greater than necessary, to accomplish the goals of sentencing.  The additional sentencing factors will appear in the sentencing transcript.

IT IS SO ORDERED.

Dated this   24th    day of October 2012, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE